■ NATIONAL COMMERCIAL BANK AND TRUST COMPANY, Appellant-Respondent, v RICHARD I. RUBIN AND CO., INC., et al., Respondents-Appellants. —Cross appeals from an order of the Supreme Court at Special Term, entered June 23, 1975 in Schenectady County, which denied motions for summary judgment. On November 3, 1969 defendant lessor and plaintiff lessee entered into an agreement whereby certain premises were leased to the plaintiff by defendant to be used as a branch banking facility in lessor's shopping center, known as Mohawk Mall. The lease provided in Covenant 11 for the payment by the landlord in first instance of all taxes, and further that: "If the amount of such impositions shall in any lease year of the term

or any extension or renewal thereof exceed the amount derived by applying the 1969 Real Estate Tax Rate to the Real Estate Assessment against Landlord's Complex in the 'first full tax year,' Tenant shall pay to Landlord, as additional rental, 'Tenant's proportionate share' of any such excess. The tax year of any lawful authority commencing during any Lease year shall be deemed to correspond to such Lease year. As used herein the following terms shall have the meanings ascribed below: (a) 'First full tax year' shall be the first tax year occurring during the term hereof in which *Landlord's Complex,* of which the Leased Premises are a part, are *first assessed as completed improvements* for Real Estate Tax purposes [emphasis added]." There is no dispute that plaintiff occupied 2,912 square feet of a gross leasable area of 330,056 square feet, or just under 1%. The total assessments against the lessor's complex for both the land and buildings were as follows: 1971—$1,000,000; 1972—$1,650,000; 1973—$1,850,000. Plaintiff lessee commenced this action seeking a declaratory judgment that under the terms of Covenant 11 of the lease, the defendant landlord's complex was "first assessed as completed improvements for real estate tax purposes" in the calendar year 1973 in the amount of $1,850,000; that State, county and town taxes which became a lien January 1, 1973 and school taxes for the fiscal year July 1, 1973 to June 30, 1974 are two tax years of a lawful authority commencing during plaintiff's lease year; that the assessment of $1,850,000 is the valuation to which the 1969 real estate tax rate is to be applied in computing the base to ascertain plaintiff's liability to defendants for additional rent attributable to school year taxes, and the 1972 assessment of $1,650,000 is the valuation to which the 1969 real estate tax rate is to be applied in computing the base to ascertain plaintiff's liability to defendants for additional rent attributable to town taxes; that the foregoing assessments and tax rates be used in the computation of all future liability of the plaintiff. Plaintiff also seeks a money judgment for an amount overpaid to defendants as a result of the failure to use the foregoing formula. The defendant landlord contends that the plaintiff's liability for additional rent is clearly set forth in the pertinent provision of the lease, and that the first year in which the subject premises were assessed as completed improvements for real estate tax purposes was 1971. Special Term denied defendants' motion for dismissal of the complaint and summary judgment and the plaintiff's cross motion for summary judgment, based upon its conclusion that a triable issue of fact was raised as to which year the complex was "first assessed as completed improvements for real estate tax purposes". It is apparent that there were substantial increases in the assessments of the improvements in the complex between the years 1971 and 1973. The record discloses that between 1972 and 1973 there was new construction of an additional 9,020 square feet of space in the complex, and construction of an extension to an existing liquor store of approximately 1,600 additional square feet. The record, however, also makes clear that the complex was improved in 1971 and was *first assessed as completed improvements* in 1971, which is the year that determines plaintiff's liability for additional rent attributable to taxes under the terms of the lease agreement. There is nothing to indicate that the notice of assessment of defendants' complex for 1971 sent by the town was only a partial or incomplete assessment. To the contrary, the order of the Supreme Court reducing the assessments against this complex for the year 1971 states that "Final Full Assessment" for the year 1971 shall be $1,000,000, of which amount $135,000 is the land assessment exclusive of improvements. It is clear that the difference of $865,000 was assessed against the completed improvements existing in 1971.

The fact that further and additional improvements were made in 1972 and 1973, including substantial addition to the area of the complex, and resulting in corresponding increases in assessed valuation of the property, does not alter the fact that the property had completed improvements in 1971, and that it was first assessed as completed improvements in 1971. By plaintiff's reasoning, it could not be said that even 1973 was the year of completed improvements, since further additions and extensions to the premises could be made in future years resulting in increases in assessed valuations. The holding in *H. L. Klion, Inc. v Venimore Bldg. Corp.* (15 NY2d 601), adopting the dissenting opinion of the Appellate Division, Second Department (21 AD2d 673), and on which plaintiff relies, is not to the contrary. In *Klion,* through an oversight, there was a failure to assess land as improved in the first tax year following the erection of the improvement, and the premises were first assessed as improved for the next succeeding year. In construing a similar lease provision pertaining to a tenant's liability for tax increases, the court held in *Klion* that such liability attaches with the first assessment of the *premises as improved,* which could *occur only* when the land was first assessed as *improved land,* and not as vacant land. In the instant case, the complex was already improved in 1971 and assessed as such. In 1973 there were simply further improvements by way of further additions to the existing improvements. We conclude that the language of Covenant 11 of the lease agreement is clear and unambiguous, and presents no factual issues requiring a trial, and that plaintiff's liability for additional rent under the terms of the lease agreement is based on the assessment for 1971, the year when the subject premises were first assessed as completed improvements for real estate tax purposes. Accordingly, plaintiff is not entitled to the relief sought in this action, as a matter of law, and defendants' motion for summary judgment should be granted. Order reversed, on the law, with costs, defendant's motion for summary judgment granted, and judgment directed to be entered in favor of defendants declaring that the assessment for the year 1971 is the valuation to which the 1969 real estate tax rate is to be applied in computing the base to determine plaintiff's liability for additional rent attributable to town and school taxes. Kane, Koreman and Main, JJ., concur; Herlihy, P. J., and Greenblott, J., dissent and vote to affirm in the following memorandum by Herlihy, P. J.

Herlihy, P. J. (dissenting).—As quoted in the majority opinion, the lease defines the occurrence upon which the basic tax responsibility is to be ascertained. This was to be the first tax year "in which Landlord's complex * * * are first assessed as completed improvements for Real Estate Tax purposes." The case of *H. L. Klion, Inc. v Venimore Bldg. Corp.* (15 NY2d 601 [adopting the dissenting opinion of the Appellate Division, Second Department, 21 AD2d 673, 674]) is distinguishable and inapposite. In the *Klion* case the courts were dealing with a different definition than herein. In *Klion* the only question was when the assessment first changed from unimproved to improved. The definition in the present case requires that the tax year be the one when the building complex was assessed as completed. The lease language is not unambiguous upon its face, and in view of the massive increase in assessments following the 1971 improvement and the related additional erection of improvements, Special Term quite properly found that there was ambiguity. The language "Landlord's complex" and assessment "as completed improvements" are interrelated and raise a question of the intent of the parties as to what was to be considered a completed complex. It seems apparent that the language used is not

merely susceptible of the interpretation of requiring a first assessment with improvements. Special Term correctly found there were factual issues which could not properly be resolved upon the papers before it on the motion for summary judgment. The order should be affirmed.